THOMAS REDDINGTON, Appellant, *v.* THE MARIPOSA LAND AND MINING COMPANY OF CALIFORNIA, and others, Respondents.

*Foreign corporation — service of summons upon — "Managing agent" — meaning of in subdivision 3 of section 432 of the Code of Civil Procedure.*

The defendant was a foreign corporation, organized under the laws of California, and having its office and place of business in that State; it had a president, secretary and treasurer, all of whom resided there; it had no place of business in New York, except a branch office, at which its stock could be transferred and assessments be received for transmission to California; one Brumagim was employed to take charge of this office, and to transfer stock and receive and transmit assessments, as directed by the defendant's officers. He had nothing to do with the general business of the company or with its books and papers. *Held,* that he was not "a managing agent of the corporation" under subdivision 3 of section 432 of the Code of Civil Procedure, authorizing service of

the summons upon the corporation by the delivery thereof to a managing agent of the corporation.

The term "managing agent," as therein used, means one who is invested with general powers involving the exercise of judgment and discretion, as opposed to an ordinary agent, who acts in an inferior capacity and under the direction and control of superior authority, both in regard to the extent of his work and the manner of executing it.

APPEAL from an order of the Special Term, denying a motion made by the plaintiff, to compel an inspection of the books and papers of the defendant corporation.

*Charles H. Williams*, for the appellant.

*Edgar Swain*, for the respondents.

INGALLS, J. :

The motion was denied, upon the ground that there had not been such a service of the summons in the action as to confer jurisdiction, and to commence the action, consequently the order for an inspection of books and papers could not be regularly granted. The defendant is a foreign corporation, having its principal office in California, and having a president, secretary and treasurer, all of whom resided in California. The service of the summons must fail, unless the court can see that the plaintiff brings his case within the third subdivision of section 432 of the Code of Civil Procedure, which provides as follows: "3. If such a designation is not in force, or if neither the person designated, or an officer specified in subdivision first of this section, can be found with due diligence, and the corporation has property within the State, or the cause of action arose therein, to the cashier, a director or a managing agent of the corporation within the State." The service of the summons herein was made upon one Jacob H. Brumagim, who resided in the city of New York, and who stated in the affidavit, read in opposition to the motion, his relation to the company, as follows :

"That said Mariposa Land and Mining Company of California is a foreign corporation, duly organized under the laws of the State of California, and having its office and place of business in California, and having no office or place of business in the State

of New York, except a branch office for the transfer of its stock, and to receive assessments to be transmitted to California.

Deponent further says that, from his acquaintance with the business, property and effects of said Mariposa Land and Mining Company of California, said company, to the best of deponent's knowledge, information and belief, had not on the 26th day of March, 1879, the day upon which said summons was served upon this deponent, and has not since had, and has not now, any property within the State of New York.

That at the time of the service of said summons on deponent said company had and still has a president, secretary and treasurer, all of whom then resided, and still reside in California, and were not within the State of New York, and deponent was not at the time of the service of said summons, and is not now the president, secretary or treasurer of said company, or an officer of said company, and does not and never did perform functions corresponding to either of said offices, and had and has nothing to do with the general business or affairs of the company, or with the books or papers in which its transactions are recorded, deponent having been at the time of such service, and still being, merely employed to take charge of the branch transfer office in this city, and to supervise the transfer of stock and the receipt and transmission to California of assessments paid here, as deponent is directed by the officers of said company.

Deponent further says that when said summons was served upon him he was neither the cashier, a director nor managing agent of said corporation within this State, and had and has no power or right to act or answer for the said company in any respect, and that he is advised and believes that this action has not been commenced against the company, and that this court has not acquired jurisdiction in the premises.

That at the time of such service deponent informed the person making such service that he had no authority to accept service of said summons for the company ; that the office of the company was at San Francisco, and that the office in New York was an office simply for transferring stock ; that the person serving said summons stated that he was instructed to leave the summons."

We do not perceive that the other facts materially conflict with

the statement of Brumagim — at all events they are not over-come. Hence arises the material question upon this appeal, viz., whether Brumagim can be regarded a managing agent of the corporation, within the meaning of said statute, so as to authorize the service upon him of a summons, in order to commence an action in this State. The duties which were assigned to Brumagim by the company were restricted in regard to their nature and extent, and the performance of such duties was subject to the direction and control of the company. We do not perceive that any exercise of independent judgment was confided to him, and he seems to have acted entirely in a subordinate capacity. We are convinced that Brumagim could not properly be regarded a managing agent of the company, within the contemplation of the statute, so as to render valid the service upon him of process against the corporation, and thereby confer jurisdiction upon the court and bind the company. It is quite clear that the Legislature attached importance to the term *managing agent*, and employed it to distinguish a person who should be invested with general power, involving the exercise of judgment and discretion, from an ordinary agent or employee, who acted in an inferior capacity, and under the direction and control of superior authority, both in regard to the extent of the work and the manner of executing the same. The distinction thus attempted to be drawn we deem reasonable, and in harmony with the obvious purpose of the statute in regard to the service of process upon a foreign corporation. It would indeed be a great hardship to allow actions to be commenced against foreign corporations by the service of a summons upon an inferior agent or servant, who, by reason of ignorance or heedlessness, would be quite likely not to apprehend the purpose of such service, and therefore neglect the same. We therefore conclude that the service, to be rendered effectual within the purview of said statute, must be made upon one of the officers specified therein, or upon a person whose powers and duties correspond to the term *managing agent* as we have endeavored to define it. Brumagim was not, in our judgment, a managing agent of the corporation, and hence the service of the summons upon him was not effectual for any purpose. It may be doubted whether the corporation is shown to have had any property

within this State at the time the summons was delivered to Brumagim, so as to comply with another requirement of the same stated.    (*Barnes* v. *The M. and N. W. R. R. Co.*, 12 Hun, 126.)

The appellant insists further, that the defect in the service of the summons was not brought to the attention of the court, by any party who was entitled to be heard.    We do not think this proposition sound, for two reasons :   First.  The plaintiff caused to be served upon Brumagim the summons, and the papers for the various motions, upon the assumption that he represented the corporation ; and he should not refuse to allow the same person to show that the plaintiff was laboring under a mistake in regard to the powers of the person upon whom such service was attempted.    Second.  There having been made no such service of process, as is required to confer jurisdiction upon the court in regard to the foreign corporation, the court properly refused to proceed in the action whenever the facts came to its knowledge, from any source, showing such jurisdictional defect.    We refer to the following decisions bearing upon the question, who should be regarded a *managing agent : Brewster* v. *The Mich. Cen. R. R. Co.* (5 How. 183) ; *Flynn* v. *The H. R. R. R. Co.* (6 id., 308) ; *Sterett, etc.*, v. *D. and R. G. R. Co.* (17 Hun, 316) ; Waite's Prac., vol. 1, p. 512.

The order must be affirmed, with costs and disbursements.

Present — DAVIS, P. J., and INGALLS, J.

Order affirmed, with costs and disbursements.